FILED
2023 FEB 13 PM 4:51
CLERK
U.S. DISTRICT COURT

THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| TYLER JAMES VERNON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SHERRY VALDEZ et al.,<br><br>　　　　　Defendants. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br>Case No. 2:23-CV-35-BSJ-DBP<br><br>District Judge Bruce S. Jenkins<br><br>Chief Magistrate Judge Dustin V. Pead |

Plaintiff, Tyler James Vernon, a Salt Lake County inmate, filed this *pro se* civil-rights action, *see* 42 U.S.C.S. § 1983 (2022), applying to proceed *in forma pauperis*, 28 *id.* § 1915. His application is granted. (ECF No. 1.) And, the Complaint is now before the Court for screening, under 28 U.S.C.S. § 1915A (2022), which reads in pertinent part:

> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted.

The Complaint names as defendants the Legal Defenders Association (LDA) and LDA attorney Sherry Valdez. Plaintiff alleges Defendants have provided and are providing ineffective assistance of counsel, presumably in Plaintiff's state criminal case. Plaintiff's request for relief states, "I am seeking conflict council [sic] that is not connected or affiliated with [LDA]."

## DISMISSAL ANALYSIS

This Court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against an immune defendant. *See id.* § 1915(e)(2)(B). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing a complaint's sufficiency the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding *pro se* the Court must construe his pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Id.* at 1110. However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

To state a cause of action under § 1983, Plaintiff must allege (1) deprivation of a federal right by (2) a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Watson v. City of Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988).

Defendants are named based on their role as Plaintiff's defense counsel. As Plaintiff has a court-appointed attorney, the following rule applies: "[T]he Supreme Court has stated that 'a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" *Garza v. Bandy*, 293 F. App'x

565, 566 (10th Cir. 2008) (unpublished) (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). And, "'though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983.'" *Id.* (quoting *Briscoe v. LaHue*, 460 U.S. 325, 329 n. 6 (1983)).

Further, issues of ineffective assistance of counsel should be addressed within the criminal case itself by filing motions or appeals.

## MOTION FOR APPOINTED COUNSEL

Plaintiff's motion for appointed counsel is denied. Plaintiff has no constitutional right to counsel. *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987). However, the Court may in its discretion appoint counsel for indigent inmates. *See* 28 U.S.C.S. § 1915(e)(1) (2022); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

When deciding whether to appoint counsel, the district court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39. Considering the above factors, the Court concludes: (1) it is clear at this point that Plaintiff has not asserted a colorable claim; (2) this

case's issues are not complex; and (3) Plaintiff is apparently not incapacitated or unable to adequately function in this matter.

## ORDER

**IT IS HEREBY ORDERED** that:

**(1)** Plaintiff's Complaint is **DISMISSED** with prejudice, under 28 U.S.C.S. § 1915(e)(2)(B) (2022), for failure to state a claim on which relief may be granted. Neither liberal interpretation of Plaintiff's claims nor opportunity to amend would lead to a different result.

**(2)** Plaintiff's request for appointed counsel is **DENIED**.

DATED this 13th day of ~~January~~ February, 2023.

BY THE COURT:

_____
BRUCE S. JENKINS
United States District Judge

4